# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-cv-267 |
| | § | |
| MASTERCARD, INC., VISA INC., | § | Judge:  Hon. Lee H. Rosenthal |
| AMERICAN EXPRESS COMPANY, | § | |
| AND DISCOVER FINANCIAL | § | |
| SERVICES, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |
| | § | |

## JOINT MOTION OF DEFENDANTS MASTERCARD AND VISA
## TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
## FOR PATENT INFRINGEMENT UNDER FED. R. CIV. P. 12(B)(6)

## ORAL ARGUMENT REQUESTED

SVI-82198v3

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDING ........................................................... 1

II.  ISSUES TO BE RULED UPON AND STANDARD OF REVIEW ................................. 1

III. SUMMARY OF THE ARGUMENT .............................................................................. 2

IV.  THE ASSERTED PATENT ........................................................................................... 4

V.   ARGUMENT ................................................................................................................. 6

   A.   RYDEX'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE
        IT FAILS TO PLEAD SUFFICIENT ALLEGATIONS OF PATENT
        INFRINGEMENT ................................................................................................. 6

        1.   A Complaint for Patent Infringement Requires Non-Conclusory Factual
             Allegations That Support a "Plausible" Claim for Relief ...................................... 6

        2.   Rydex's Amended Complaint Fails to State Sufficient Non-Conclusory
             Factual Allegations to State a Plausible Claim for Patent Infringement
             Against MasterCard or Visa ................................................................................... 9

             a.   Rydex Fails to Allege that Defendants Perform or Provide Each
                  Element of At Least One Claim of the '819 Patent ..................................... 10

             b.   Rydex Fails to Allege Facts That Support a Plausible Claim For Joint
                  Infringement ............................................................................................... 11

             c.   Rydex Fails to State a Claim For Indirect Infringement ............................. 15

   B.   THE DEFICIENCIES OF THE AMENDED COMPLAINT CANNOT BE
        CORRECTED BY FURTHER AMENDMENT BECAUSE THERE IS NO
        SET OF FACTS THAT SUPPORTS A PLAUSIBLE CLAIM OF PATENT
        INFRINGEMENT AGAINST MASTERCARD OR VISA ...................................... 16

CONCLUSION ...................................................................................................................... 19

# TABLE OF AUTHORITIES

## CASES

**Page**

*ACCO Brands, Inc. v. ABA Locks Mfg. Co.*,
    501 F.3d 1307 (Fed. Cir. 2007)............................................................................16

*Ashcroft v. Iqbal*,
    --- U.S. ---, 129 S. Ct. 1937 (2009)................................................1, 2, 3, 6, 7, 8, 13, 15, 16, 17

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................1, 2, 3, 6, 7, 8, 9, 11, 13, 15, 16, 17

*BMC Resources, Inc. v. Paymentech, L.P.*,
    498 F.3d 1373 (Fed. Cir. 2007)................................................................1, 3, 9, 10, 11, 14, 16

*Centillion Data Sys. v. Quest Communications Int'l*,
    No. 1:04-cv-0073, Dkt. No. 827 (S.D. Ind. Oct 29, 2009) ......................................9, 12, 15, 16

*Cross Med. Prods. v. Medtronic Sofamor Danek*,
    424 F.3d 1293 (Fed. Cir. 2005)........................................................................................9, 10, 11

*Desenberg v. Google, Inc.*,
    No. 09-Civ-10121, 2009 WL 2337122 (S.D.N.Y. July 30, 2009)..........................................14

*Emtel, Inc. v. Lipidlabs, Inc.*,
    583 F. Supp. 2d 811 (S.D. Tex. 2008) ................................................................. 12, 13, 14, 18

*Friday Group v. Ticketmaster*,
    No. 08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) .......................11, 12, 13, 15

*Fromson v. Advance Offset Plate, Inc.*,
    720 F.2d 1565 (Fed. Cir. 1983)..........................................................................................11

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fl. 2008) ................................................................12, 13, 14, 16

*Golden Hour Data Sys., Inc. v. emsCharts Inc.*,
    No. 06-CV-381, 2009 WL 943273 (E.D. Tex. Apr. 3, 2009)..........................................10, 14

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ..........................................................................................17, 18

*Jones v. Greninger*,
    188 F.3d 322 (5th Cir. 1999) ...........................................................................................7

ii

*Muniauction, Inc. v. Thompson Corp.*,
  532 F.3d 1318 (Fed. Cir. 2008)..................................................................3, 11, 13, 14

*NTP, Inc. v. Research in Motion, Ltd*,
  418 F.3d 1282 (Fed. Cir. 2005)...............................................................................10

*Papasan v. Allain,*
  478 U.S. 265 (1986)...................................................................................................7

*Privasys, Inc. v. Visa Int.l*
  No. 07-03257, 2007 WL 3461761 (N.D. Cal. Nov. 14, 2007) .................................13

*Stripling v. Jordan Production Co., LLC*
  234 F.3d 863 (5th Cir. 2000) ..................................................................................17

*Whitney Nat. Bank v. Delfre*,
  No. H-08-366, 2008 WL 2323237 (S.D. Tex. June 2, 2008).................................17

## STATUTES AND RULES

Fed. R. Civ. P. 8 ...............................................................................................6, 8, 15

Fed. R. Civ. P. 12 ....................................................................................1, 6, 12, 17, 18

Defendants MasterCard, Inc. ("MasterCard") and Visa Inc. ("Visa") (collectively, "Defendants") jointly submit this motion to dismiss the Amended Complaint for Patent Infringement ("Amended Complaint") of Plaintiff Rydex, Ltd. ("Rydex" or "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.        NATURE AND STAGE OF THE PROCEEDING

On January 28, 2010, Rydex filed its original Complaint for patent infringement against Defendants MasterCard and Visa alleging infringement of U.S. Patent No. 5,204,819.  On June 22, 2010 Rydex filed its First Amended Complaint adding as defendants American Express Company and Discover Financial Services.  Defendants MasterCard and Visa now bring this Motion to Dismiss Rydex's First Amended Complaint.

## II.       ISSUES TO BE RULED UPON AND STANDARD OF REVIEW

The issues to be ruled upon and their standard of review are as follows:

Whether Plaintiff's claims for patent infringement should be dismissed under Rule 12(b)(6) because Plaintiff fails to state a plausible claim under the Supreme Court's *Twombly/Iqbal* standard and fail to make sufficient allegations to support a plausible claim of joint infringement.

Standard of Review:  To withstand a motion to dismiss, the Supreme Court requires that complaints in civil lawsuits include (1) non-conclusory factual allegations that are (2) "plausible" on their face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1950 (2009).  In addition, a complaint in a patent infringement suit must plead that an infringer practices every element of at least one claim of the patent.  Where multiple parties are required to infringe the patent, the plaintiff must plead that a "mastermind" defendant exercised control over "the application of each and every element of the system claim."  *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-81 (Fed. Cir. 2007).

1

## III.    SUMMARY OF THE ARGUMENT

Rydex accuses MasterCard and Visa of infringing U.S. Patent No. 5,204,819 ("the '819 patent"), but does not provide sufficient allegations to survive a motion to dismiss.  The patent at issue involves an apparatus for controlling the delivery of fluid to a container or reservoir, such as delivering fuel from a fuel pump at a filling station to an automobile's fuel tank.  Rydex alleges that MasterCard and Visa "infringe" this patent through deployment of credit and debit cards that use the PayPass and payWave systems, which purchasers use by passing the card in front of "contactless" payment readers at retail locations (*e.g.* fuel pumps at filling stations).  (D.I. 31, Amended Complaint, at ¶¶ 10, 14.)[1]  The allegations in the Amended Complaint merely state, as to MasterCard, that:

> MasterCard has infringed and continues to infringe the '819 patent by its manufacture, use, sale and/or offer for sale of MasterCard's PayPass products and services.  MasterCard also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '819 Patent.  (*Id*. at ¶ 11.)

And as to Visa:

> Visa has infringed and continues to infringe the '819 patent by its manufacture, use, sale and/or offer for sale of Visa's payWave products and services.  Visa also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '819 Patent.  (*Id*. at ¶ 15.)

However, to survive a Rule 12(b)(6) motion to dismiss, Rydex's Amended Complaint must satisfy the pleading requirements as recently construed by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009).  Under the *Twombly/Iqbal* "two-pronged approach," a plaintiff must plead (1) non-

---

[1] Unless otherwise noted, D.I. numbers refer to Docket Item numbers in the present action.

conclusory factual allegations that are (2) "plausible on their face."  When plaintiffs have failed to do so, courts have dismissed such complaints under Rule 12(b)(6).

In addition, Rydex has failed to plead a theory of "joint infringement," which is the only viable theory of infringement in this case.  The claimed invention requires a combination of elements provided by several parties, including at least the retail filling station operators and, separately, the individual contactless credit cardholders.  Generally, where no single party performs all of the steps of the claim or forms the completed apparatus, there can be no direct infringement.  *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007).  There is a narrow exception, however, sometimes referred to as "joint infringement."  *Id.* A claim based on joint infringement requires proof that a single "mastermind" defendant exercised "control or direction" over the other entities such that the mastermind can be found vicariously liable for the conduct of the other participants.  *Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008).

Rydex's Amended Complaint, however, does not allege that MasterCard or Visa controls or directs the retail locations to purchase or provide specific "contactless" payment readers. Furthermore, nowhere does Rydex allege that either MasterCard or Visa is a "mastermind" or explain how MasterCard or Visa controls or directs, or could be vicariously liable for controlling and directing, the acts of the other parties, *e.g.* retail filling station operators.  As Rydex has failed to state sufficient factual allegations to support a theory of joint infringement, its Amended Complaint should be dismissed on this ground.

Rydex's conclusory allegations of infringement and insufficient factual allegations cannot survive Defendants' Rule 12(b)(6) motion to dismiss.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.  Moreover, further amendment in this case would be futile because

- 3 -

there is no set of facts that can be alleged that would support a plausible claim against MasterCard or Visa.

## IV.   THE ASSERTED PATENT

This motion pertains to one patent asserted against MasterCard and Visa: the '819 Patent, entitled "Fluid Delivery Control Apparatus."  The '819 Patent describes an apparatus for controlling the delivery of fluid to a container or reservoir including the exchange of security, identification, and transaction information between a container (*e.g.*, a fuel tank) and a fluid delivery system (*e.g.*, a fuel pump station).  (*See* D.I. 31, '819 Patent, col. 1, lns. 5-10.)  The '819 patent further describes a system for identifying a fluid container or an authorized person which utilizes a passive identification module that has no independent power source but receives its operational energy from an RF signal generated by the fluid delivery device.  (*See id.* at col. 2, lns. 16-20.)

The claims of the '819 Patent are directed to apparatuses including, among other things: (1) a means or device associated with a fluid container or person for generating an identification signal, (2) a means or device associated with a fuel delivery device or system, (3) an RF link between (1) and (2) for the transmission of operational energy, and (4) security means associated with the fuel delivery device or system for verifying the identification signal.  Therefore, the claims involve elements provided by at least two parties:  (1) the purchaser and (2) the fluid deliverer.  The three independent claims of the '819 Patent[2] are set forth below (emphasis added):

> 21. Apparatus for controlling and memorializing a fluid delivery transaction between a fluid container and a fluid delivery system, comprising:
>
> a. means associated with the fluid container for generating an identification signal;

---

[2] The claims of the '819 Patent were amended in Ex Parte Reexamination Certificate No. 5608.  (*See* D.I. 31, Reexamination Certificate No. 5608.)

b. personal identification means for generating an identification signal identifying a person who is requesting the fluid delivery transaction and capable of being operatively linked with said identification signal means;

c. **means associated with the fuel delivery system** for storing and retrieving information and capable of being operatively linked with said identification signal means;

d. information communication means linking said fluid delivery system information means to both said fluid container identification means and said personal identification means;

e. an RF link between said fluid delivery system information means and both said fluid container identification means and said personal identification means for the transmission of operational energy for both said fluid container identification means and said personal identification means; and

f. security means associated with said storage and retrieval device for verifying said identification signals prior to the delivery of fluid to the fluid container.

22. Apparatus for controlling and memorializing a fluid delivery transaction requested by a person between a fluid container and a fluid delivery system, comprising:

a. personal identification means for generating an identification signal identifying the person;

b. **means associated with the fluid delivery system** for storing and retrieving information and capable of being operatively linked to said personal identification means;

c. an RF link between said fluid delivery system information means and said personal identification means for the transmission of operational energy for said personal identification means;

d. information communication means linking said fluid delivery system information means and said personal identification means;

e. security means associated with said storage and retrieval device for verifying said identification signal prior to the delivery of fluid to the fluid container; and

f. wherein information regarding the fluid delivery transaction is stored at said fluid delivery system information means.

31. Apparatus for authorizing the delivery of fluid to a fluid container from a fluid delivery device, comprising:

a. a first information storage and retrieval device without an independent power source and associated with the fluid container;

b. **a second information storage and retrieval device associated with the fluid delivery device** and capable of being operatively linked with said first information storage and retrieval device;

c. an RF link between said first and said second information storage retrieval devices for the transmission of operational energy for said first information device from said second information device;

d. means associated with said first information storage and retrieval device for transmitting information from said first information device to said second information device;

e. security means associated with said second information storage and retrieval device **for authorizing delivery of fluid to the fluid container** only upon provision by said first information device of an identification signal approved by said second information device; and

f. means for communicating information regarding the fluid delivery transaction between the fluid delivery device and a remote location wherein said remote location is a credit/debit account for payment of fluid delivered in the transaction.

## V.    ARGUMENT

### A.    RYDEX'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO PLEAD SUFFICIENT ALLEGATIONS OF PATENT INFRINGEMENT.

#### 1.    A Complaint for Patent Infringement Requires Non-Conclusory Factual Allegations That Support a "Plausible" Claim for Relief.

Federal Rule of Civil Procedure 8 requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, the Supreme Court requires that a plaintiff plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570) (citation omitted).  The Supreme Court has advised courts to use a "two-pronged approach" to determine whether a complaint will survive a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1950.  First, courts should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  Second, they should examine whether the remaining "well-

- 6 -

pleaded, *nonconclusory factual allegation[s] . . .* g[ive] rise to a *plausible*" cause of action, dismissing the action if they do not.  *Id.* at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").  The Supreme Court held that this approach to evaluating the sufficiency of pleadings applies to "all civil actions."  *Iqbal*, 129 S. Ct. at 1953 (*citing Twombly*, 550 U.S. at 555-56).

Under the first prong of the *Twombly/Iqbal* test, Plaintiffs are required to plead "nonconclusory factual allegations" sufficient to "show" that the plaintiff is entitled to relief. *Iqbal*, 129 S. Ct. at 1950.  The Supreme Court explained that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*  A pleading that offers merely "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555.) "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of any 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Allegation of specific factual matter is crucial because "on a motion to dismiss, courts 'are not bound to accept as true a *legal conclusion* couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (emphasis added); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenent [sic] that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under the second prong of the *Twombly-Iqbal* test, well-pled, non-conclusory allegations must support a claim that is "plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at

- 7 -

1949 (emphasis added). *Iqbal* instructs that the plausibility inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Both *Twombly* and *Iqbal* stress that to be "plausible" under Rule 8, a plaintiff must "show," not merely "allege," that defendant is liable for the accused misconduct. Rule 8(a)(2) states that a pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). *Twombly* and *Iqbal* explain that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)); *Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [a conspiracy claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'") (quoting Fed. Rule Civ. Proc. 8(a)(2)). A complaint cannot have a "mere possibility" that the alleged misconduct occurred; it must be "plausible." *Iqbal*, 129 S. Ct. at 1949-50.

In the *Iqbal* case, the Supreme Court concluded that allegations that defendants "'knew of, condoned, and willfully and maliciously agree to subject [plaintiff]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" were "conclusory and not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. In dismissing *Iqbal*'s complaint, the Court emphasized that "[i]t is the *conclusory* nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Id.* (emphasis added). When considering the remaining factual allegations of the complaint without the conclusory ones, the

- 8 -

Court found that the remaining complaint alone did not allege a plausible cause of action. *Id.* at 1952.

Similarly, when considering whether a conspiracy claim was properly pled in *Twombly*, the Supreme Court found that "a conclusory allegation of agreement at some unidentified point," was only a "legal conclusion," and so was not entitled to the assumption of truth. *Twombly*, 550 U.S. at 555-57. The Court then found that the other, factual allegations alone were insufficient to plausibly support the required element of unlawful agreement. *Id.* at 556-57 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality," because the complaint did not allege "enough factual matter (taken as true) to suggest that an agreement was made.").

> **2.** **Rydex's Amended Complaint Fails to State Sufficient Non-Conclusory Factual Allegations to State a Plausible Claim for Patent Infringement Against MasterCard or Visa.**

In order to state a claim for patent infringement, the patentee must allege that the accused infringer has practiced ***every*** element of at least one claim of the asserted patent. *See BMC Resources*, 498 F.3d at 1380 ("Infringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention."). To allege direct infringement of a system claim, the plaintiff must allege that the accused defendant's products formed the completed system. *See id.* at 1380 (relying on *Cross Med. Prods. v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005), as "rejecting patentees' efforts to combine the acts of surgeons with those of a medical device manufacturer to find direct infringement of an apparatus claim").

A party is liable for direct infringement for the "use of a system claim under § 271(a) if it, by itself or in combination with a third party directed by it, put each and every element of the system claim into service, *i.e.* exercised control over, and benefited from, the application of each

and every element of the system claim." *Centillion Data Sys. v. Qwest Communications Int'l*, No. 1:04-cv-0073-LJM-DML, Dkt. No. 827 at 24 (S.D. Ind. Oct. 29, 2009) ("*Centillion Order*") (attached hereto as "Exhibit A") (citing *BMC Resources*, 498 F.3d at 1378-81; *Cross Med. Prods.*, 424 F.3d at 1311; *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316-17 (Fed. Cir. 2005)). *See also Golden Hour Data Sys., Inc. v. emsCharts Inc.*, Civil Action No. 2:06-CV381, 2009 WL 943273, *3 (E.D. Tex. Apr. 3, 2009). Thus, in order to state an actionable patent infringement claim, the plaintiff must state that "some party amongst the accused actors has committed the entire act of direct infringement." *BMC Resources*, 498 F.3d at 1379.

### a.   Rydex Fails to Allege that Defendants Perform or Provide Each Element of At Least One Claim of the '819 Patent.

Rydex fails to allege that MasterCard or Visa practice every element of at least one claim in the '819 patent. Nowhere in the Amended Complaint does Rydex allege that MasterCard or Visa provide each of the elements of the asserted claims, including the "means associated with the fuel delivery system for storing and retrieving information capable of being operatively linked with" the datacards, *e.g.* the datacard readers at the filling stations that can read the PayPass and payWave cards. (*See* D.I. 31, Reexamination Certificate No. 5608, claim 21(c), claim 22(b); *see also* claim 31(b) and (e).) Rydex only alleges that MasterCard and Visa provide the datacards.

Rydex implicitly acknowledges this by vaguely suggesting that the datacard readers are provided by the retail locations, such as "gas stations," not MasterCard or Visa. (D.I. 31, Amended Complaint at ¶¶ 10, 14. The Amended Complaint states that the Defendants offer "credit and debit cards," and "[a]mong the retail locations that *use* the [contactless datacards] are gas stations and other facilities that dispense fuel for vehicles." (*Id.*) (emphasis added). Rydex does not allege, however, that MasterCard or Visa provide the "means" associated with those

- 10 -

"fluid delivery systems" to read the datacards.  Because Rydex has not alleged that the Defendants provide each element of the claimed invention, *i.e.* the fluid delivery device provided by the "gas station," the court should not assume the existence of such allegations, nor should it assume that such allegations could be made.  *See Twombly*, 550 U.S. at 563 n.8.

> **b.  Rydex Fails to Allege Facts That Support a Plausible Claim For Joint Infringement.**

Rydex has wholly failed to plead any allegations of joint infringement even though the claims of the '819 Patent require elements provided by multiple parties, *i.e.*, a purchaser and a fuel deliverer.  Joint infringement is the only "plausible" theory of infringement that Rydex could assert, and in the absence of such allegations the Amended Complaint should be dismissed.

Since Rydex has failed to allege that MasterCard or Visa single-handedly infringe the '819 patent, the only plausible theory it can allege is "joint infringement."  *See BMC Resources*, 498 F.3d at 1380-81 (citing *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1568 (Fed. Cir. 1983); *Cross Med. Prods.*, 424 F.3d at 1311).  This standard can cause "difficulty" to a patentee where, as here, the patent requires multiple parties to perform or provide different elements within one claim.  *BMC Resources*, 498 F.3d at 1381 (referring to such patent claims as "ill-conceived").  It is sometimes possible to bring such a claim, but only where the plaintiff plausibly alleges that a single "mastermind" defendant exercised "control or direction" over the other participants involved in carrying out the claimed invention such that the mastermind can be found vicariously liable for the conduct of the other entities.  *Muniauction, Inc.*, 532 F.3d at 1329-30; *Golden Hour*, 2009 WL 943273, at *3 ("to prove joint infringement, the patent holder must prove that 'one party exercises control or direction over the entire process such that every step is attributable to the controlling party, i.e. the mastermind'"); *Friday Group v. Ticketmaster*, No. 4:08CV01203, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) (a complaint must "allege

- 11 -

facts identifying which single party practices each and every step, or alternatively which single

party is the 'mastermind' that directs or controls the performance of each and every step of the

claimed method."); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 827-40 (S.D. Tex. 2008)

("for liability to attach, the 'mastermind' must so control the third party in its performance of the

infringing steps that the third party does so as the defendant's agent"); *Centillion Order* at 32-34

(applying the control or direction test to a system claim).  Similarly for a system claim, a party is

liable for direct infringement "if it, by itself or in combination with a third party directed by it,

put each and every element of the system claim into service, *i.e.* exercised control over, and

benefited from, the application of each and every element of the system claim."  *Centillion*

*Order* at 24 (citing *BMC Resources*, 498 F.3d at 1378-81).

When faced with deficient allegations of joint infringement, courts have dismissed

complaints under Rule 12 for failure to state an actionable claim.  *Global Patent Holdings, LLC v.*

*Panthers BRHC LLC,* 586 F. Supp. 2d 1331, 1335 (S.D. Fl. 2008) (dismissing complaint with

prejudice where plaintiff failed to allege that a third party performed the claimed steps "by virtue

of a contractual obligation or other relationship that gives rise to vicarious liability"); *Friday*

*Group*, 2008 WL 5233078 at *3-4 (dismissing complaint for failing to allege facts that identify

"the 'mastermind' that directs or controls the performance of each and every step of the claimed

method.").

Rydex's Amended Complaint fails to include ***any*** allegation that MasterCard or Visa is a

"mastermind" exercising control or direction over parties providing other elements of the

claimed invention, such as the retail filling stations which provide the payment card readers

associated with the "fuel delivery system."  The Amended Complaint does not allege that

MasterCard or Visa controls or directs the retail locations to purchase or provide specific

- 12 -

contactless payment card readers.  The Amended Complaint does not state any factual allegations from which the Court could reasonably infer that MasterCard or Visa is an alleged "mastermind" or that they direct and control the retail locations.  The Amended Complaint therefore fails to state a claim of joint infringement.  *See Friday Group*, 2008 WL 5233078, at *3-4 (dismissing a complaint for failure to meet the pleading standard of *Twombly* based on mere assertions of direction and control); *Global Patent Holdings*, 586 F. Supp. 2d at 1335.

Moreover, under the second prong of the *Twombly/Iqbal* standard, "only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1950 (emphasis added).  As noted above, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.  Rydex's allegations do not permit a reasonable inference of joint infringement because it is entirely implausible that the retail locations are directed or controlled by MasterCard or Visa to purchase or provide contactless payment readers.  Instead, retail locations make independent decisions as to whether they will accept payment via a contactless payment mechanism.  It is not plausible that MasterCard and Visa require each retail location to purchase contactless payment readers, much less the particular ones used by the retailers at issue in Rydex's Amended Complaint.

As this Court has recognized, even if MasterCard or Visa had provided specification and testing requirements for contactless payment readers, such activity does not rise to the level of direction or control required for joint infringement.  *See Emtel*, 583 F. Supp. 2d at 833 (the suggestion "that the 'direction or control' standard could be met by the fact 'that Visa provides instructions or directions regarding the use of 'its payWave card' to the merchants and banks involved in the process … is likely superseded by *Muniauction's* holding that 'one party teaching,

- 13 -

instructing or facilitating the other party's participation' is not sufficient to show the necessary direction or control to support an inference of direct infringement.'") (citing *Privasys, Inc. v. Visa Int'l*, No. C 07-03257 SI, 2007 WL 3461761, at *2 (N.D. Cal. Nov.14, 2007)); *see also Muniauction*, 532 F.3d at 1329-30 (no joint infringement where the defendant could not control the individual bidder); *BMC Resources*, 498 F.3d at 1376-77, 1380; *Golden Hour*, 2009 WL 943273, at *4 ("Making information available to the other party, prompting the other party, instructing the other party, or facilitating or arranging for the other party's involvement in the alleged infringement is not sufficient to find control or direction.") (citations and quotations omitted). Notably, there is no allegation of a contractual obligation or relationship between the Defendants and the retail locations that requires retailers to provide contactless payment readers. Rydex does not allege that the retail locations are Defendants' agents or that the Defendants could be vicariously liable for the independent actions of the retail locations. *See Emtel*, 583 F. Supp. 2d at 838 (despite having a contractual relationship, the movants are not vicariously liable for the physicians' conduct as the contracts do not affect the physicians' independent medical judgments).

Indeed, other courts have granted motions to dismiss in similar situations where the claims at issue required the actions of an independent party. In *Global Patent Holdings*, for example, the court granted the defendant's motion to dismiss with prejudice where the claims at issue required initial action by a computer user visiting a website, over which the defendant had no control:

> Plaintiff has, in no way, *alleged* that remote users are contractually bound to visit the website, it has not *alleged* that the remote users are Defendant's agents who visit the website within the scope of their agency relationship nor has it *alleged* any facts which would render Defendant otherwise vicariously liable for the acts of the remote user. Using Plaintiff's analogy, Defendant may give home users the

- 14 -

keys to the truck, but home users have no obligation to use those keys to start the truck and drive away.

*Global Patent Holdings*, 586 F. Supp. 2d at 1335 (emphasis added). Similarly, in *Desenberg v. Google, Inc.*, No. 09Civ10121 (GBD) (AJP), 2009 WL 2337122, at *6 (S.D.N.Y. July 30, 2009), the magistrate judge recommended dismissal where the claims at issue had steps to be performed by a "user" and "provider," and the plaintiff could not "realistically allege" that the defendant Google controlled individual users. *See also Friday Group*, 2008 WL 5233078, at *3-4; *Centillion Order* at 32-34 (S.D. Ind. Oct. 29, 2009) (noting that Qwest does not control whether its customers load the applications on their personal computers and that the customers are not obligated or contractually bound to perform additional processing. Instead, the customers independently determine whether or not to perform the additional processing).

Likewise, Rydex does not allege that MasterCard or Visa control the decisions of the retail locations or that the retail locations are contractually bound to purchase certain contactless payment readers. Thus, Rydex has not alleged, and cannot allege, any ***plausible*** claim for joint infringement of the '819 Patent.

### c.    Rydex Fails to State a Claim For Indirect Infringement.

Rydex's allegations of indirect infringement are also insufficient. Rydex merely states that "[Defendants] also contribute[] to and induce[] others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '819 Patent." (D.I. 31, Amended Complaint at ¶¶ 11, 15.) This accusation is nothing more than a mere "formulaic recitation of the elements of a cause of action" that the Supreme Court prohibits under Rule 8. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. As *Iqbal* instructs, such "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted). A court cannot "reasonably infer" that Defendants are liable for the alleged

misconduct based on legally conclusive allegations devoid of factual content.  In these circumstances, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

Even more damaging to Rydex's theory of indirect infringement, including contributory infringement and inducement, is that it "requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."  *BMC Resources*, 498 F.3d at 1379; *ACCO Brands, Inc. v. ABA Locks Mfg. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) ("[i]n order to prevail on an inducement claim, the patentee must establish first that there has been direct infringement") (quotations omitted).  Rydex's conclusory allegations of direct infringement fail to establish any predicate act of direct infringement necessary to sustain a claim for indirect infringement.  *See Global Patent Holdings*, 586 F. Supp. 2d at 1335 (dismissing complaint where no single entity was alleged to perform all steps of the method, or direct and control others performing missing steps, as neither direct nor indirect infringement could exist); *Centillion Order* at 34 (S.D. Ind. Oct. 29, 2009) (as there are no facts sufficient to establish direct infringement, defendant cannot be liable under theories of indirect infringement).

Courts are required to ignore conclusory allegations on a motion to dismiss.  As in *Iqbal* and *Twombly*, "the conclusory nature of [Rydex's] allegations . . . disentitles them to the presumption of truth."  *Iqbal*, 129 S. Ct. at 1951.  Rydex has thus failed to state a claim for indirect infringement.

**B.      THE DEFICIENCIES OF THE AMENDED COMPLAINT CANNOT BE CORRECTED BY FURTHER AMENDMENT BECAUSE THERE IS NO SET OF FACTS THAT SUPPORTS A PLAUSIBLE CLAIM OF PATENT INFRINGEMENT AGAINST MASTERCARD OR VISA.**

Given the requirements of the '819 patent, there is no set of facts that Rydex can allege that will permit Rydex to state a plausible claim for relief against MasterCard or Visa.  This

motion to dismiss is not premised upon Rydex's failure to plead an otherwise viable claim in a manner that strictly complies with an evolving pleading standard. Rather, the deficiencies of Rydex's Amended Complaint are the result of the fact that the '819 patent simply does not read upon the activities of MasterCard or Visa, whether actually performed or legally attributable to these entities. The lack of a contractual or agency relationship between Defendants and retail locations, and the discretion of retail locations to choose various datacard readers, leaves Rydex without a set of facts to support a plausible claim against MasterCard or Visa.

To the extent Rydex suggests that the deficiencies of the Amended Complaint may be correctable via further amendment, this suggestion should be considered in light of Fifth Circuit precedent regarding the futility of amendment. "Futile" amendments are those that would not survive a subsequent motion to dismiss under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000). Amendment should be denied where "it is clear that the defects [of the original complaint] are incurable" under the circumstances of the case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (holding that district court did not err in dismissing complaint with prejudice and without leave to amend because there was "no viable claim [plaintiff] could include in an amended petition."); *Whitney Nat. Bank v. Delfre*, No. H-08-366, 2008 WL 2323237, at *1 (S.D. Tex. June 2, 2008) ("[A] plaintiff should be denied leave to amend a complaint if the court determines that 'allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (citations omitted).

Based on the claims of the '819 Patent, Rydex cannot state any facts that would allege a non-conclusory, "plausible" claim for infringement under *Twombly/Iqbal*. The core deficiency of Rydex's allegations is that the contactless payment system described in the '819 Patent

requires a datacard reader associated with a fuel pump, *i.e.* a "means associated with the fuel delivery system." (D.I. 31, Reexamination Certificate No. 5608, claim 21(c), claim 22(b); *see also* claim 31(b) and (e).) Quite simply, MasterCard and Visa do not "make, sell, or offer to sell" datacard readers attached to fuel pumps, or any other "means associated with the fuel delivery system for storing and retrieving information" from the datacard. Rydex's own description of the patent in its Amended Complaint is in accord. The Amended Complaint states that the patent requires an apparatus that transacts information between a "fluid storage tank, and a fluid delivery system." (D.I. 31, Amended Complaint at ¶ 8.) Any "plausible" allegations that Rydex could make against MasterCard or Visa in another Amended Complaint would be missing at least a portion of the invention claimed in the patent—*i.e.* the "fluid delivery system"—and thus would be subject to dismissal under Rule 12(b)(6).

Rydex's Amended Complaint does not—indeed it factually cannot—claim that Visa or MasterCard provide the "fluid delivery systems" with the means to read the datacard. Nor can Rydex allege that MasterCard or Visa has entered into contracts with specific retail locations to provide such systems. And even if Rydex alleged that MasterCard or Visa provided the specifications to the retail providers of the fuel pumps and datacard readers, merely providing specifications to retailers would not survive another Rule 12(b)(6) challenge. *See Emtel*, 583 F. Supp. 2d at 833. Under Fifth Circuit law, a district court should not grant leave to amend where "it is clear that the defects [in the original complaint] are incurable." *Great Plains Trust*, 313 F.3d at 329.

The defects in Rydex's Amended Complaint are "incurable." Rydex should not be given the keys to discovery when they have not provided sufficient factual allegations that MasterCard or Visa could be liable for patent infringement. The discovery process does not replace Rydex's

- 18 -

duty to conduct a sufficient pre-filing investigation to allow it to allege non-conclusory, plausible allegations of patent infringement.  Judicial resources should not be expended to re-cast the present motion to dismiss when it is clear from the outset that Visa and MasterCard, quite simply, do not provide the requisite "means associated with a fuel delivery system for storing and retrieving information" as required by the '819 patent.  Rydex fails to state a claim now, and any suggestion that the factual deficiencies in this Amended Complaint could be cured in another amended Complaint are not "plausible," and should not be accepted by this court.

## CONCLUSION

The conclusory and implausible allegations in Rydex's Amended Complaint coupled with Rydex's failure to plead any plausible joint infringement theory are insufficient to state a claim against Defendants for infringement of the '819 Patent.  For these, and other reasons set forth above, the court should dismiss Rydex's Amended Complaint.

Counsel for Defendants Visa and MasterCard are available for oral argument should the Court find it necessary, and would suggest that oral augment be held at the initial scheduling conference on August 20, 2010.

DATED: July 12, 2010                    Respectfully submitted,

                                         /s/ Gregory L. Porter
                                         Gregory L. Porter
                                         Attorney-in-Charge
                                         State Bar No. 24002784
                                         S.D. Texas bar No.: 34185
                                         glporter@jonesday.com
                                         JONES DAY
                                         717 Texas Avenue, Suite 3300
                                         Houston, TX 77002
                                         Tel (832) 239-3939
                                         Fax (832) 239-3600

James H. Hall
State Bar No. 24041040
S.D. Texas Bar No.: 36904
jhhall@jonesday.com
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002
Tel (832) 239-3939
Fax (832) 239-3600

Joseph Melnik
jmelnik@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Tel.: (650) 739-3939
Fax: (650) 739-3900

ATTORNEYS FOR VISA, INC

SVI-82198v3

/s/ Robert Scheinfeld
Robert Scheinfeld
Attorney-in-Charge
robert.scheinfeld@bakerbotts.com
BAKER BOTTS
30 Rockefeller Plaza
New York, NY 10112-4498
Tel (212) 408-2512
Fax (212) 259-2512

Eliot Damon Williams
eliot.wiliams@bakerbotts.com
BAKER BOTTS
30 Rockefeller Plaza
New York, NY 10112-4498
Tel (212) 408-2512
Fax (212) 259-2512

Jeremy Merling
jeremy.merling@bakerbotts.com
BAKER BOTTS
30 Rockefeller Plaza
New York, NY 10112-4498
Tel (212) 408-2512
Fax (212) 259-2512

Michael Hawes
michael.hawes@bakerbotts.com
Baker Botts
910 Louisiana
Houston, TX 77002-4995
Tel (713) 229-1750
Fax (713) 229-7750

ATTORNEYS FOR MASTERCARD, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record have been deemed to have consented to electronic service and are therefore being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 12, 2010.

<u>/s/ Gregory L. Porter</u>
Gregory L. Porter

SVI-82198v3