## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RYDEX, LTD.** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | **CAUSE NO. 4:10-cv-00267** |
| | § | |
| **v.** | § | |
| | § | |
| **MASTERCARD, INC., VISA, INC.,** | § | **JURY TRIAL DEMANDED** |
| **AMERICAN EXPRESS COMPANY,** | § | |
| **and** | § | |
| **DISCOVER FINANCIAL SERVICES,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## RESPONSE TO DEFENDANTS MASTERCARD'S AND VISA'S JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Rydex, Ltd. ("Rydex") submits this Response to Defendants MasterCard and Visa's Joint Motion to Dismiss Plaintiff's Amended Complaint for Patent Infringement Under Fed. R. Civ. P. 12(B)(6) (Dkt. 33), and respectfully requests that the motion be denied.

# TABLE OF CONTENTS

I.     **NATURE AND STAGE OF THE PROCEEDINGS** ...................................................... 1

II.    **ISSUES TO BE RULED UPON AND STANDARD OF REVIEW** ........................... 1

III.   **SUMMARY OF THE ARGUMENT** ................................................................. 2

IV.   **ARGUMENT** .................................................................................................. 3

    A.  RYDEX'S FIRST AMENDED COMPLAINT GIVES FAIR NOTICE OF RYDEX'S CLAIMS FOR DIRECT INFRINGEMENT. ................................................................................. 3

      1.  FORM 18 Provides the Standard for Fair Notice of a Direct Infringement Claim .......... 3

      2.  Rydex's First Amended Complaint Pleads Non-Conclusory Factual Allegations of Infringement ................................................................................................ 7

      3.  Rydex's Amended Complaint's Allegation of Infringement is Plausible ..................... 8

    B.  RYDEX'S FIRST AMENDED COMPLAINT GIVES FAIR NOTICE OF RYDEX'S CLAIMS .............. 8

      1.  FORM 18 Provides the Standard for Fair Notice of Direct, Indirect, Contributory, and Joint Infringement Claims ............................................................................... 8

      2.  The Proper Time for this Court to Address Claim Construction is Not in a Motion to Dismiss ..................................................................................................... 9

      3.  Case Law Cited by the Defendants Holds Contrary to their Positions. ...................... 11

    C.  EVEN IF RYDEX'S COMPLAINT IS DISMISSED, RYDEX SHOULD BE GRANTED LEAVE TO AMEND. ..................................................................................................... 13

      1.  Amendment is Not Futile. ............................................................................... 13

      2.  The Defendants Authority Supports Freely Giving Leave to Amend. ....................... 14

V.    **CONCLUSION** ................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Actus, LLC v. Bank of Am. Corp.*,
  NO. 2-09-cv-102-TJW, 2010 U.S. Dist. LEXIS 11398 (E.D. Tex. Feb. 10, 2010) .. 6, 13, 14, 17

*Ardente, Inc. v. Shanley*,
  No. C 07-4479 MHP, 2010 U.S. Dist. LEXIS 11674 (N.D. Cal. Feb. 9, 2010) ........................ 7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................. 5, 6, 7, 10

*Bauer & Cie v. O'Donnell*,
  229 U.S. 1 (1913) ....................................................................................................... 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................... passim

*Bender v. LG Elecs. U.S.A., Inc.*,
  2010 U.S. Dist. LEXIS 33075, (N.D. Cal. Mar. 11, 2010) .................................. 7, 19

*Bender v. Motorola, Inc.*,
  No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076, (N.D. Cal. Feb. 26, 2010) ................. 8, 19

*BMC Resources, Inc. v. Paymentech, L.P.*,
  498 F.3d 1373, (Fed. Cir. 2007) ................................................................... 14

*Centillion Data Sys. v. Qwest Communications Int'l*,
  No. 1:04-cv-0073-LJM-DML, Dkt. No. 827 (S.D. Ind. Oct. 29, 2009).................................... 15

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ....................................................................... 17

*Cross Med. Prods. v. Medtronic Sofamor Danek*,
  424 F.3d 1293 (Fed. Cir. 2005) ................................................................... 15

*Desenberg v. Google, Inc.*,
  No. 08 Civ. 10121, 2009 U.S. Dist. LEXIS 66122, (S.D.N.Y. July 30, 2009) .................... 8, 18

*Elan Pharma Int'l Ltd. v. Lupin Ltd.*,
  No. 09-1008 (JAG), 2010 U.S. Dist. LEXIS 32306, (D.N.J. Mar. 31, 2010) ...................... 6, 13

*Emtel, Inc. v. LipidLabs, Inc.*,
  583 F. Supp. 2d 811 (S.D. Tex. 2008 .......................................................... 3, 15, 16

*Friday Group v. Ticketmaster*,
  No. 4:08CV01203 JCH, 2008 U.S. Dist. LEXIS 100529 (E.D. Mo. Dec. 12, 2008) ........... 8, 19

*Global Patent Holdings, LLC v. Panthers BRHC LLC*,
    586 F. Supp. 2d 1331 (S.D. Fl. 2008)........................................................ 8, 18, 19

*Golden Hour Data Sys. v. emsCharts, Inc.*,
    No. 06-CV-3812009, U.S. Dist. LEXIS 30108 (E.D. Tex. Apr. 3, 2009) ................................ 15

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ........................................................ 18

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,
    677 F.2d 1045 (5th Cir. 1982) ........................................................ 17

*Markman v. Westview Instruments, Inc.*,
    52 F.3d 967 (Fed. Cir.1995) (en banc), *aff'd*, 517 U.S. 370 (1996)...................................... 3, 12

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007). ........................................................ passim

*Muniauction, Inc. v. Thompson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008) ........................................................ 14

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ........................................................ 9

*PA Advisors, LLC v. Google, Inc.*,
    No. 2:07-CV-480 (DF), 2008 U.S. Dist. LEXIS 71285, (E.D. Tex. Aug. 7, 2008).............. 2, 13

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*,
    203 F.3d 790 (Fed. Cir. 2000) ........................................................ 6, 11

*Privasys, Inc. v. Visa Int'l*,
    No. 07-03257, 2007 U.S. Dist. LEXIS 86838 (N.D. Cal. Nov. 14, 2007)........................ 16, 19

*Roche Prods., Inc. v. Bolar Pharm. Co.*,
    733 F.2d 858 (Fed. Cir. 1984) ........................................................ 9

*Tune Hunter, Inc. v. Samsung Telcoms. Am., LLC*,
    NO. 2:09-cv-148-TJW, 2010 U.S. Dist. LEXIS 31980, (E.D. Tex. Apr. 1, 2010) ............ 12, 16

*Yangaroo Inc. v. Destiny Media Techs.*,
    No. 09-C-462, 2009 U.S. Dist. LEXIS 82052 (E.D. Wis. Aug. 31, 2009) ...................... 3, 12

*Zytax, Inc. v. Green Plains Renewable Energy, Inc.*,
    No. H-09-2582, 2010 U.S. Dist. LEXIS 52617 (S.D. Tex. May 28, 2010) ...................... 18

**Rules**

Fed. R. Civ. P. 84…………………………………………………………………………2, 4

Fed. R. Civ. P. 8(a)(2)………………………………………………………………………3, 4

Fed. R. Civ. P. 15(a)…………………………………………………………………………14

**Statutes**

35 U.S.C. 271(e) ……………………………………………………………………………7

35 U.S.C. 271(a), (b), (c), (f)………………………………………………………………14

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On January 28, 2010, Rydex filed its original Complaint for patent infringement against Defendants MasterCard and Visa alleging infringement of U.S. Patent No. 5,204,819.  (Dkt. 1.) On June 22, 2010, Rydex filed its First Amended Complaint adding as defendants American Express Company and Discover Financial Services.  (Dkt. 31.)  Defendants MasterCard and Visa jointly filed a Motion to Dismiss Rydex's First Amended Complaint.  (Dkt. 33.)   Rydex now submits this Response to Defendants MasterCard and Visa's Joint Motion to Dismiss Plaintiff's Amended Complaint.

## II.     ISSUES TO BE RULED UPON AND STANDARD OF REVIEW

The sole issue presented in Defendants' motion to dismiss is whether Rydex's First Amended Complaint meets the liberal standard of providing a short and plain statement of Rydex's claims sufficient to give MasterCard and Visa fair notice of such claims and the grounds upon which they rest.  Rydex respectfully submits that its First Amended Complaint more than adequately satisfies the liberal pleadings standard.

A plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).   The court in *McZeal* considered the Supreme Court's Decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Fifth Circuit precedent, the sample complaint in FED. R. CIV. P. FORM 16 (2006), and concluded that FORM 16 is sufficient "to place the alleged infringer on notice as to what he must defend."  *See McZeal*, 501 F.3d at 1356 (considering *Twombly* and Fifth Circuit precedent and holding that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend"); FED. R. CIV. P. FORM 16 (2006) is now FORM 18 (Dec. 1, 2009).

1

Further, in a motion to dismiss for failure to state a claim, the Federal Circuit applies the law of the regional circuit." *PA Advisors, LLC v. Google, Inc.*, No. 2:07-CV-480 (DF), 2008 U.S. Dist. LEXIS 71285, at *14 n.1 (E.D. Tex. Aug. 7, 2008) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

## III.    SUMMARY OF THE ARGUMENT

Rydex's complaint is more than sufficient to meet the liberal pleading standards required by the Federal Rules and Federal Circuit.  A simple comparison between FORM 18 paragraph 3 and Rydex's First Amended Complaint reveals that Rydex's allegations of direct, indirect, contributory, and joint infringement against the Defendants are at least as detailed as those shown in FORM 18 and thus give fair notice.  FED. R. CIV. P. 84; FORM 18 ¶ 3; (Rydex's Amended Complaint, Dkt. 31, ¶¶ 10–13 (MasterCard), 14–17 (Visa), 18–21 (AMEX), 22–25 (Discover).)  Rydex's claims are directed to systems and apparatuses which a single party can directly infringe.  (Rydex's First Amended Complaint, Dkt. 31, at 7–9, Ex. A., U.S. Patent No. 5,204,819).  Rydex's complaint is also sufficient to give fair notice because it provides Mastercard and Visa with plausible, non-conclusory facts which supports Rydex's claims.

In addition, dismissing infringement claims at the pleading stage is not proper because the Federal Circuit requires the claims to be construed before the court analyzes infringement. *Yangaroo Inc. v. Destiny Media Techs.*, No. 09-C-462, 2009 U.S. Dist. LEXIS 82052, at *7 (E.D. Wis. Aug. 31, 2009) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir.1995) (en banc), *aff'd*, 517 U.S. 370 (1996)).

The Defendants have failed to show that Rydex's complaint is insufficient in view of the applicable law and, more particularly, in view of the liberal pleading standard approved in Form 18.  In fact, the Defendants' arguments support Rydex's position because many of their cited

cases evaluate joint infringement with the benefit of infringement contentions, discovery, and claim construction. *E.g.*, *Emtel, Inc. v. LipidLabs, Inc.*, 583 F. Supp. 2d 811, 829 (S.D. Tex. 2008) (Rosenthal, J.). As set forth in *Yangaroo*, dismissal of Rydex's claims at this stage – without the benefit of claim construction – is improper.

For these reasons, the Defendants' motion should be dismissed.

## IV.   ARGUMENT

### A.   RYDEX'S FIRST AMENDED COMPLAINT GIVES FAIR NOTICE OF RYDEX'S CLAIMS FOR DIRECT INFRINGEMENT.

#### 1.   FORM 18 Provides the Standard for Fair Notice of a Direct Infringement Claim

A simple comparison between FORM 18 paragraph 3 and Rydex's First Amended Complaint reveals that Rydex's allegations of direct infringement against the Defendants more than meet the requirements of Fed. R. Civ. P. 8(a)(2). Rydex's claims specifically detail the name and properties of the alleged infringing RFID apparatuses, systems, and services (*e.g.*, payWave and PayPass). Rydex's Amended Complaint, Dkt. 31, ¶¶ 10–13 (MasterCard), 14–17 (Visa), 18–21 (AMEX), 22–25 (Discover)). Despite extensive discussion and quoting of *Twombly* and *Iqbal*, the Defendants fail to disclose why Rydex's Amended Complaint provides less notice or detail than FORM 18, which the Federal Circuit has held satisfies the requirements of *Twombly*. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–57 (Fed. Cir. 2007).

Rydex owns U.S. Patent No. 5,204,819. (Rydex's First Amended Complaint, Dkt. 31, at 7–9, Exh. A.) The '819 Patent contains several apparatus claims directed at RFID technology in conjunction with fluid delivery and fluid delivery transactions. Rydex alleges that the Defendants make, use, sell, or offer for sale RFID products, systems, and services. (Rydex's Amended Complaint, Dkt. 31, ¶¶ 10–13 (MasterCard's PayPass), 14–17 (Visa's payWave), 18–

3

21 (AMEX's ExpressPay), 22–25 (Discover's Zip)).  Rydex further alleges that the Defendants "ha[ve] infringed and continue[] to infringe the '819 patent by [their] manufacture, use, sale and/or offer for sale of [RFID] products and services."  *Id.*  Rydex also alleges that among retailers who use the Defendants RFID products, systems, and/or services are gas stations and other entities that dispense fuel for vehicles.  *Id.*  Taken as a whole, these allegations provide fair notice to the Defendants of Rydex's claims and the bases therefore.

The Supreme Court has made clear that "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted) (emphasis added); *see* Fed. R. Civ. P. 8(a)(2) (Dec. 1, 2009).  For patent infringement suits, FORM 18 provides fair notice via a sample pleading that contains four numbered paragraphs and a demand.  FED. R. CIV. P. 84 (published Dec. 1, 2009, post-*Iqbal*) ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

In order to meet the fair notice requirement, Complaints in civil lawsuits are required to include (1) non-conclusory factual allegations that are sufficient to show that plaintiff is entitled to relief and (2) "plausible" on their face.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Even if the Court looks beyond the analysis in *McZeal*, FORM 18, and FED. R. CIV. P. 84, subsequent district court application, and this Court's local patent rules, Rydex's allegations of direct infringement independently meet the *Twombly/Iqbal* test.

4

The Federal Circuit examined both Supreme Court and Fifth Circuit precedent and held that the sample complaint in FED. R. CIV. P. Form 16 (2006) is sufficient to provide fair notice. *McZeal*, 501 F.3d at 1356 (analyzing *Twombly* and Fifth Circuit precedent and holding that "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend") Importantly, the Federal Circuit held that a plaintiff in a patent infringement suit <u>is not required to specifically include each element of the claims of the asserted patent</u>. *McZeal*, 501 F.3d at 1357 (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)).

The Supreme Court has made clear that a plaintiff need only "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Supreme Court's ruling in *Iqbal* does not alter the patent pleading landscape because *McZeal* considered and upheld FORM 18 in light of the sufficiency and plausibility requirements in *Twombly*. *McZeal*, 501 F.3d at 1357 (treating FED. R. CIV. P. FORM 16 (2006) as sufficient in light of *Twombly*); *see Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-1008 (JAG), 2010 U.S. Dist. LEXIS 32306, at *13–14 (D.N.J. Mar. 31, 2010) (holding that *Iqbal* did not change patent pleading requirements in light of *McZeal's* analysis and local patent rules); *Actus, LLC v. Bank of Am. Corp.*, NO. 2-09-cv-102-TJW, 2010 U.S. Dist. LEXIS 11398, at *6–7 (E.D. Tex. Feb. 10, 2010) (applying *McZeal* post-*Iqbal* and declining to dismiss plaintiff's complaint prior to claim construction); *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 U.S. Dist. LEXIS 11674, at *17–18 n.6 (N.D. Cal. Feb. 9, 2010) (declining to impose a stricter patent pleading requirement in light of *Iqbal*) (citing *McZeal*, 501 F.3d at 1356–57).

The Defendants' motion fails to differentiate a higher pleading standard set by *Iqbal*, not present in *Twombly*, except that *Iqbal* applies to "'all civil actions.'" (Joint Motion to Dismiss,

Dkt. 33, at 7 (citing *Iqbal*, 129 S. Ct. at 1593 (citing *Twombly*, 550 U.S. at 555–56)).)   The

Defendants quote *Twombly* independent of *Iqbal* for the proposition that a pleading must be

"'plausible on its face.'"  (Joint Motion to Dismiss, Dkt. 33, at 7 (citing *Twombly*, 550 U.S. at

570).)   The Defendants also quote *Twombly* and *Iqbal* together for the requirement that a

pleading "'show,' not merely 'allege' that [a] defendant is liable for the accused misconduct."

(Joint Motion to Dismiss, Dkt. 33, at 8.)  By the Defendant's logic, *Twombly* and *Iqbal* set forth

exact "plausibility," "showing," "conclusory," and other pleading standards, and thus the

analysis in *McZeal* is consistent with *Iqbal*.  *See, id.* at 7, 8.

In rare instances, a handful of district courts have dismissed patent pleadings for direct

infringement even in light of *McZeal's* liberal standard, especially when the plaintiff fails to

name the accused infringing products.  *See Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist.

LEXIS 33075, at *12–16, 20 (N.D. Cal. Mar. 11, 2010) (providing leave to amend); *Bender v.

Motorola, Inc.*, No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076, at *5-11 (N.D. Cal. Feb. 26,

2010) (same).  Such cases are not applicable here because Rydex specifically details the accused

infringing products, devices, and services for each Defendant.  (*See* Joint Motion to Dismiss,

Dkt. 33 (failing to use the words "fair" or "notice" and focusing on "plausible"); Rydex's

Amended Complaint, Dkt. 31, ¶¶ 10–13 (MasterCard's PayPass), 14–17 (Visa's payWave), 18–

21 (AMEX's ExpressPay), 22–25 (Discover's Zip).)

Defendants also cite three district court cases to support requiring plaintiffs to allege

additional facts for joint infringement.  *See, Friday Group v. Ticketmaster*, No. 4:08CV01203

JCH, 2008 U.S. Dist. LEXIS 100529, at *14 (E.D. Mo. Dec. 12, 2008) (*granting leave to

amend*); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1333 n.1

(S.D. Fl. 2008); *Desenberg v. Google, Inc.*, No. 08 Civ. 10121, 2009 U.S. Dist. LEXIS 66122, at

*5 (S.D.N.Y. July 30, 2009).  These cases are sharply distinct from the present because they <u>all fail to cite or analyze the standard in *McZeal*</u>, fail to discuss the protections of local patent rules, and rule on system or method claims, <u>not apparatus claims</u>.

2.      Rydex's First Amended Complaint Pleads Non-Conclusory Factual Allegations of Infringement

Rydex's First Amended Complaint shows that the Defendants use an apparatus covered by the '819 Patent.  "Use" is defined broadly; it is a "comprehensive term."  *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316–1317 (Fed. Cir 2005) (citing *Bauer & Cie v. O'Donnell*, 229 U.S. 1, 10–11) (1913).  Its meaning includes (and Rydex is not limiting it to) "put into action or service," "testing," "to make use of," "to employ," and "to utilize."  *Id.* (citing *Roche Prods., Inc. v. Bolar Pharm. Co.*, 733 F.2d 858, 863 (Fed. Cir. 1984), *superseded-in-part by* 35 U.S.C. § 271(e)) ("testing"); Webster's Third New International Dictionary 2523 (1993) ("put into action or service"); Black's Law Dictionary 1541 (6th ed. 1991) ("to make use of," "to employ," "to utilize").

A conclusory allegation might read as "I own the '819 Patent and the Defendants infringe the patent by making, using, or selling their respective products."  To the contrary, the Rydex's Amended complaint shows that the '819 Patent claims are directed to apparatuses that incorporate RFID technology and fluid delivery.  (Rydex's First Amended Complaint, Dkt. 31, ¶¶ 7–9.)  More specifically, it clearly shows that gas stations use the Defendant's RFID cards, devices, or systems in the context of fuel delivery.  (*Id.* ¶¶ 10–13 (MasterCard's PayPass), 14–17 (Visa's payWave), 18–21 (AMEX's ExpressPay), 22–25 (Discover's Zip)).  Finally, the complaint also shows that the Defendants "put into action or service," "test," "make use of," "employ," or "utilize" an apparatus covered by the '819 Patent.  *Id.*  These detailed allegations stand in stark contrast to those claims which have been found to be conclusory.

Accordingly, Rydex's allegations of direct infringement are <u>not conclusory</u> and presumed as true because they plainly show that Rydex is entitled to relief.

### 3.   Rydex's Amended Complaint's Allegation of Infringement is Plausible

In addition to providing non-conclusory factual allegations of infringement, Rydex's claims also meet the plausibility standard set forth in *Twombly* and *Iqbal*. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 570.    A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (emphasis added).  The plausibility inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The inference that a Defendant who provides RFID systems, products, or services used by gas stations or other entities may infringe a patent whose subject matter covers apparatuses that incorporate RFID technology and liquid delivery by using ("putting into action or service," "testing," "making use of," "employing," or "utilizing") a claimed apparatus is plausible. Therefore, if the Defendants merely make, use, sell or offer for sale datacard readers attached to fuel pumps, they may plausibly be direct, indirect, contributory, or joint infringers.

The Court must use its wisdom, judicial experience, and common sense to judge whether or not this allegation, and other inferences easily drawn from the complaint, are plausible. *Iqbal*, 129 S. Ct. at 1949–50.  Common sense dictates that Rydex's claims are plausible and that the Defendants' Motion should be denied.

### B.   RYDEX'S FIRST AMENDED COMPLAINT GIVES FAIR NOTICE OF RYDEX'S CLAIMS

#### 1.   FORM 18 Provides the Standard for Fair Notice of Direct, Indirect, Contributory, and Joint Infringement Claims.

A simple comparison between FORM 18 paragraph 3 and Rydex's First Amended Complaint reveals that Rydex's allegations of indirect, contributory, and joint infringement against the Defendants are at least as detailed as those shown in FORM 18. Rydex's claims clearly and specifically detail the name and properties of the alleged infringing RFID apparatuses, systems, and services (*e.g.*, payWave and PayPass). FORM 18 ¶ 3; (Rydex's Amended Complaint, Dkt. 31, ¶¶ 10–13 (MasterCard), 14–17 (Visa), 18–21 (AMEX), 22–25 (Discover)).

One of many plausible inferences that may be made from Rydex's claims is that a Defendant who provides RFID systems, products, or services used by gas stations may infringe a patent whose subject matter covers apparatuses that incorporate RFID technology and fluid delivery by contributing to, inducing others, or jointly acting with others to make, use, sell, or offer to sell a claimed apparatus.

A plaintiff need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. *McZeal*, 501 F.3d at 1356. "[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *Id.* at 1357 (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)). Accordingly, because Rydex's pleadings give at least as much detail as FORM 18, Rydex's First Amended Complaint gives fair notice per the pleading standard in *McZeal*. *Id.*

> 2.  The Proper Time for this Court to Address Claim Construction is Not in a Motion to Dismiss.

The legal rationale for liberal pleading standards for direct infringement, and most importantly for joint infringement, is the Federal Circuit's requirement that infringement (or the necessity of joint infringement) must be evaluated after claim construction:

> In order to test the sufficiency of the allegation of infringement found in the complaint, the Court must first construe the patent claim to determine whether the claim requires an allegation of joint infringement . . . the proper time for this Court to address claim construction is not in a motion to dismiss.

*Yangaroo Inc. v. Destiny Media Techs.*, No. 09-C-462, 2009 U.S. Dist. LEXIS 82052, at *7 (E.D. Wis. Aug. 31, 2009) (citing several sources, including *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir.1995) (en banc), *aff'd*, 517 U.S. 370 (1996);.

In addition, many courts have declined to dismiss a patent complaint's joint infringement contentions before claim construction because local patent rules provide additional safeguards. *See* P. R. 3-1 (providing specific deadlines for more detailed infringement contentions in the Southern District of Texas); *Tune Hunter, Inc. v. Samsung Telcoms. Am., LLC*, NO. 2:09-cv-148-TJW, 2010 U.S. Dist. LEXIS 31980, *14–15 (E.D. Tex. Apr. 1, 2010) (rejecting the argument that *Iqbal* created a higher pleading standard); *Elan Pharma Int'l Ltd. v. Lupin Ltd.*, No. 09-1008 (JAG), 2010 U.S. Dist. LEXIS 32306, at *13–14 (D.N.J. Mar. 31, 2010) (holding that *Iqbal* did not change patent pleading requirements in light of *McZeal's* analysis and local patent rules); *Actus, LLC v. Bank of Am. Corp.*, NO. 2-09-cv-102-TJW, 2010 U.S. Dist. LEXIS 11398, at *6–7 (E.D. Tex. Feb. 10, 2010) (declining to dismiss before claim construction); *PA Advisors, LLC v. Google, Inc.*, NO. 2:07-CV-480 (DF), 2008 U.S. Dist. LEXIS 71285, at *17–20 (E.D. Tex. Aug. 7, 2008) (upholding plaintiff's complaint because *McZeal* and local patent rules allow for more detailed infringement contentions).

The Defendants have failed to address the necessity of a *Markman* hearing before promptly discarding of Rydex's direct infringement argument and asserting that a joint infringement claim is the "only viable theory." (Joint Motion to Dismiss, Dkt. 33, at 7)   In addition, the Defendants have failed to even set forth proposed constructions for the claim terms of the '819 Patent.  Therefore, the Defendants motion is premature and inappropriate given that

infringement contentions are not yet due, in fact, the scheduling conference for this case will not be held until November 29, 2010.

For these reasons, Defendants' Motion should be denied.

3.     Case Law Cited by the Defendants Holds Contrary to their Positions.

The Defendants, in their Joint Motion to Dismiss, § II, assert that "a complaint in a patent infringement suit must plead that an infringer practices every element of at least one claim of the patent." (Joint Motion to Dismiss, Dkt. 33, at 1).  This assertion of law runs directly contrary to the vast breadth of case law.  The major support for this statement is the assertion that a plaintiff must *prove* that "a 'mastermind' defendant exercised control over 'the application of each and every element of the system claim.'" (*Id.* (citing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378–81 (Fed. Cir. 2007); *id.* at 11 (citing *Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008)).)  By asserting this rule, the Defendants prematurely construe the '819 Patent's apparatus claims as system claims, ignore the "use" infringement contention, conflate "allege" with "prove," and then require summary judgment evidence in Rydex's pleadings.

The Defendants exact argument and pleading standard was considered and rejected in *Actus* and this Court should reject it too:

> [T]he Court has before it a motion to dismiss and claims that have not yet been construed. The pending motion asks the Court to simultaneously adopt a construction that the claims can only be performed by multiple actors—before the completion of claim construction discovery and without the benefit of thorough claim construction briefing—and then impose an excessively conservative pleading requirement on those claims.

*Actus*, 2010 U.S. Dist. LEXIS 11398, at *7–8 (rejecting the argument that *BMC Resources* created a new pleading standard for joint infringement).

11

The Defendants also rely on cases analyzing joint infringement in a summary judgment or post-trial standard. *See, e.g.*, *Centillion Data Sys. v. Qwest Communications Int'l*, No. 1:04-cv-0073-LJM-DML, Dkt. No. 827 (S.D. Ind. Oct. 29, 2009) (attached to Joint Motion to Dismiss, Dkt. 33, as "Exhibit A") (ruling on summary judgment); *Golden Hour Data Sys. v. emsCharts, Inc.*, No. 06-CV-3812009, U.S. Dist. LEXIS 30108 (E.D. Tex. Apr. 3, 2009) (ruling post-verdict); *Cross Med. Prods. v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (an appeal after claim construction as to who "make[s]" an apparatus); *Muniauction*, 532 F.3d at 1325 (an appeal after claim construction).  The procedural posture of these cases <u>directly</u> support Rydex's contention that this Court should have the benefit of fully developed infringement contentions and claim construction before dismissing joint infringement contentions.

Furthermore, the Defendants cite this Court in *Emtel, Inc. v. LipidLabs, Inc.*, 583 F. Supp. 2d 811, 829 (S.D. Tex. 2008) to support their contention that Rydex must allege a mastermind theory to support joint infringement.  Defendants reliance on *Emtel* is misplaced.  *Emtel* notes that *Muniauction* "recognized a 'spectrum' of multiple-party relationships. . . . The outcome of applying the direction or control standard depends on where on this spectrum a particular case falls."  *Emtel*, 583 F. Supp. 2d at 829.  Infringement contentions, discovery, and claim construction are important steps to determine where, when, and if at all, a "relationship" is necessary and where that relationship falls in the spectrum, a benefit that *Emtel* fully utilized.  *Emtel*, 583 F. Supp. 2d at 829 (ruling on summary judgment on a method claim, construing the patent's claims, and discussing at length the contracts between the parties).

Finally, *Emtel* analyzes *Privasys, Inc. v. Visa Int'l*, No. 07-03257, 2007 U.S. Dist. LEXIS 86838 (N.D. Cal. Nov. 14, 2007).  In *Privasys*, the court granted plaintiff leave to amend its

complaint over Visa's allegation of futility in light of joint infringement. *Id.* at *13. While *Emtel* recognizes that the direction and control standard in *Privasys* is "likely superseded" by *Muniauction*, Rydex has an even stronger case than *Privasys* because Rydex does not concede the necessity of multiple actors before claim construction. *Emtel*, 583 F. Supp. 2d at 833 n.9.

In sum, Rydex's First Amended Complaint is sufficient to give fair notice under the *McZeal* standard even in light of *Iqbal*. *McZeal*, 501 F.3d at 1356–57; *Tune Hunter*, 2010 U.S. Dist. LEXIS 31980, at *14–15 (rejecting the argument that *Iqbal* created a higher pleading standard for joint infringement). The Defendants Joint Motion to Dismiss should be denied because the Defendants improperly ask this Court, in their Joint Motion to Dismiss, to construe '819 Patent's apparatus claims, ignore the "use" infringement contention, conflate "allege" with "prove," ignore local patent rules, overlook Federal Circuit precedent in *McZeal*, and demand summary judgment evidence in Rydex's pleadings. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356–58 (Fed. Cir. 2007); *Actus*, 2010 U.S. Dist. LEXIS 11398, at *7–8.

C.   EVEN IF RYDEX'S COMPLAINT IS DISMISSED, RYDEX SHOULD BE GRANTED LEAVE TO AMEND.

1.   Amendment is Not Futile.

In sum, even if the Court should dismiss Rydex's First Amended Complaint and hold that future amendments must be plausible even before infringement contentions and claim construction, then Rydex should be entitled to amend its pleadings because amendment would not be futile. At the barest minimum, the apparatus nature of the claims makes direct infringement by one or more parties virtually certain, and given the Defendants' extensive contracts within and connections to RFID technology vendors, consumers, gas stations, gas pumps, financial institutions, a claim of direct, indirect, contributory, or joint infringement is also plausible. *See* 35 U.S.C. 271(a), (b), (c), (f).

2.    The Defendants Authority Supports Freely Giving Leave to Amend.

A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). FEDERAL RULES OF CIVIL PROCEDURE 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-2582, 2010 U.S. Dist. LEXIS 52617, at *10–11 (S.D. Tex. May 28, 2010) (Rosenthal, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

Defendants cite four district court cases analyzing joint infringement at a motion to dismiss level. *See Global Patent Holdings, LLC v. Panthers BRHC LLC*, 586 F. Supp. 2d 1331, 1336 (S.D. Fl. 2008) (denying leave to amend because the plaintiff conceded futility); *Desenberg v. Google, Inc.*, No. 08 Civ. 10121, 2009 U.S. Dist. LEXIS 66122, at *3 (S.D.N.Y. July 30, 2009) (dismissing *pro se* plaintiff's complaint and silent as to leave to amend or prejudice); *Friday Group v. Ticketmaster*, No. 4:08CV01203 JCH, 2008 U.S. Dist. LEXIS 100529, at *14 (E.D. Mo. Dec. 12, 2008) (*granting leave to amend*); *Privasys, Inc. v. Visa Int'l*, No. 07-03257, 2007 U.S. Dist. LEXIS 86838, at *13 (N.D. Cal. Nov. 14, 2007) (*granting leave to amend despite arguments of futility*).

Two of those four cases grant leave to amend. *Friday Group*, 2008 U.S. Dist. LEXIS 100529, at *14; *Privasys, Inc. v. Visa Int'l*, 2007 U.S. Dist. LEXIS 86838, at *13.  The plaintiff

14

in *Global Patent Holdings* conceded futility, and thus the analysis is inapplicable here.  *Global Patent Holdings*, 586 F. Supp. 2d at 1336.  By the greater weight of the Defendants own authority, Rydex should be granted leave to amend.  Even district court cases cited above as contra-authority also granted leave to amend after dismissing complaints or counter-claims.  *See Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, at *12–16, 20 (N.D. Cal. Mar. 11, 2010) (*granting leave to amend*); *Bender v. Motorola, Inc.*, No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076, at *5-11 (N.D. Cal. Feb. 26, 2010) (same).

In conclusion, even if this Court dismisses Rydex's First Amended Complaint, leave should be freely given to amend.

## V.      CONCLUSION

For the reasons set forth above, Rydex requests that the Court deny Defendants' motion to dismiss.

DATED:  August 2, 2010

Respectfully submitted,

/s/ Stephen F. Schlather_____
Edward W. Goldstein – Lead Attorney
Texas Bar No. 08099500
egoldstein@gfpiplaw.com
Stephen F. Schlather
Texas Bar No. 24007993
sschlather@gfpiplaw.com
**GOLDSTEIN, FAUCETT & PREBEG L.L.P**
1177 West Loop South, Suite 400
Houston, Texas  77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 2, 2010.  Any other counsel of record will be served by first class U.S. mail.

/s/ Stephen F. Schlather_____

Stephen F. Schlather